IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TOM F. FIELDS, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 123-099 |
| | ) | |
| THE STATE OF GEORGIA, ETC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, a pre-trial detainee at the Charles B. Webster Detention Center ("CBWDC") in Augusta, Georgia, filed this case pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I. **SCREENING THE AMENDED COMPLAINT**

A. **BACKGROUND**

In his original and amended complaint, Plaintiff names as Defendants: (1) The State of Georgia, Etc. and (2) Richmond County Sheriff's Office Investigator Nancy A. Clark. (Doc. no. 1, pp. 1, 8; doc. no. 7, p. 2.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On December 23, 2018, at approximately 12:04 P.M., Plaintiff was escorted to an interview room at CBWDC. (Doc. no. 7, p. 6.) Plaintiff voluntarily met with Defendant Clark and discussed the events that led to his December 22, 2018 arrest. (Id. at 6, 10.) During the meeting, Plaintiff and Defendant Clark discussed the address where Plaintiff resided, and she then asked him to draw a diagram of the residence. (Id. at 6.) Plaintiff drew the diagram, Defendant Clark examined it, and then read Plaintiff his Miranda Rights. (Id.)

For unknown reasons, Plaintiff was "sent to prison" and the remainder of his parole from an unidentified criminal case was revoked. (Id.) Plaintiff later received information from a motion for discovery in his pending Richmond County Superior Court cases where he learned the residence diagram that he drew with Defendant Clark had a line marked through it. (Id.) The diagram's address was also replaced by Defendant Clark with an address that Plaintiff did not know. (Id. at 7.)

Unrelatedly, Plaintiff did not receive a preliminary hearing for Richmond County Superior Court cases 2019-RCCR-00372 and 2019-RCCR-00373 and did not waive his right to such hearing. (Id. at 8.) Plaintiff and his public defender requested the hearing in January 2019 and a grand jury indicted him in the two cases in March 2019. (Id.) Plaintiff was also charged with imperfect indictments in both cases. (Id. at 9.) As a result, Plaintiff suffers from anxiety, depression, stress, frustration, and community/family problems. (Id. at 7, 9.) For relief, he requests monetary damages. (Id. at 10.)

**B.   DISCUSSION**

  **1.   Legal Standard for Screening**

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief

from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However,

3

this liberal construction does not mean that the Court has a duty to re-write the amended complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff's Claims Are Due to be Dismissed Under the Younger Doctrine

Because the two Richmond County Superior Court cases Plaintiff references with regard to many of his claims remain pending, dismissal is warranted under the Younger abstention doctrine. Investigations and charging decisions during state criminal proceedings belong to state authorities. The question of whether a federal court should abstain from interfering with a state judicial proceeding under the principle of Younger v. Harris, 401 U.S. 37 (1971), must be considered in three parts: "first, do [the proceedings] constitute an ongoing state judicial proceeding; second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges." 31 Foster Children v. Bush, 329 F.3d 1255, 1274 (11th Cir. 2003). Furthermore, while Younger involved a federal suit seeking equitable relief in the form of an injunction of the ongoing state proceedings, Younger abstention extends to cases involving § 1983 claims for damages. See Boyd v. Georgia, 512 F. App'x 915, 917-18 (11th Cir. 2013) (affirming dismissal without prejudice, pursuant to Younger abstention, of § 1983 complaint seeking monetary damages).

All three factors weigh in favor of abstention. First, public records confirm what the amended complaint implies, i.e., state proceedings are ongoing.[1] Cf. Steffel v. Thompson, 415

---

[1] See Richmond County Superior Court Docket, available at https://cocaugustaga.com/mainpage.aspx (in "name," type "Fields, Tom," select "Superior Court," select search, and open 2019RCCR00372 and 2019RCCR00373) (last visited Feb. 8, 2024); see also United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting court may take judicial notice of another court's records to establish existence of ongoing litigation).

U.S. 452, 462 (1974) ("When no state criminal proceeding is pending at the time the federal complaint is filed, federal intervention does not result in . . . disruption of the state criminal justice system. . . ."). Second, the state proceeding implicates an important state interest in criminally prosecuting such offenses. Absent "extraordinary circumstances," federal courts should not intervene in state criminal prosecutions. Younger, 401 U.S. at 45. Third, Plaintiff has not established the state proceedings would fail to provide an adequate remedy for his federal claim. See 31 Foster Children, 329 F.3d at 1279. Indeed, Plaintiff can raise his claims as well as other constitutional challenges during his criminal proceedings and on appeal. Thus, Plaintiff has not satisfied his burden of showing the state proceedings cannot provide an adequate remedy for his claims.

For these reasons, the Court should abstain from considering Plaintiff's claims under the Younger doctrine, and such claims should be dismissed without prejudice. See Jackson v. Georgia, 273 F. App'x 812, 813-14 (11th Cir. 2008) (affirming *sua sponte* dismissal due to Younger abstention); Smith v. Mercer, 266 F. App'x 906, 908 (11th Cir. 2008) (noting "[a] dismissal pursuant to the Younger doctrine is without prejudice and does not preclude later re-filing of the complaint").

### 3. Plaintiff's Official Capacity Monetary Claims

Plaintiff is suing Defendant Clark in both her individual and official capacities. (Doc. no. 7, p. 2.) However, the Eleventh Amendment bars official capacity claims against state officials for money damages. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). Therefore, Plaintiff's official capacity claim against Defendant Clark for monetary relief fails as a matter of law.

5

### 4. Plaintiff Fails to State a Claim against Defendant The State of Georgia, Etc.

The Eleventh Circuit has held that a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")).  Here, Plaintiff does not mention Defendant State of Georgia, Etc. in his statement of claim, nor does he adequately connect this Defendant to any constitutional violations.  Plaintiff's mere passing references to unspecified violations of due process and equal protection "in the State of Georgia" will not suffice.  (See doc. no. 7, pp. 5, 8.)

Moreover, "[t]he Eleventh Amendment insulates a state from suit brought by individuals in federal court, unless the state either consents to suit or waives its Eleventh Amendment immunity."  Stevens v. Gay, 864 F.2d 113, 114 (11th Cir. 1989) (footnote omitted) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984)). Furthermore, the Supreme Court has unambiguously stated that "a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment . . . .  This jurisdictional bar applies regardless of the nature of the relief sought." Pennhurst State Sch. & Hosp., 465 U.S. at 100 (citations omitted); see Alabama v. Pugh, 438 U.S. 781, 781-82 (1978); Edelman v. Jordan, 415 U.S. 651, 663 (1974); Bailey v. Silberman, 226 F. App'x 922, 924 (11th Cir. 2007) ("Neither a State nor its agencies may be sued as a

named defendant in federal court absent the State's consent.").

As Plaintiff has not mentioned this Defendant in his statement of claim, and as the State of Georgia has sovereign immunity against Plaintiff's § 1983 claims, Defendant State of Georgia, Etc. should be dismissed.

### 5. Plaintiff's Parole Revocation Claims Are Barred Under Heck v. Humphrey

To the extent that Plaintiff contends he was "sent to prison" and his parole was revoked in an unidentified criminal case after his December 22, 2018 arrest, (see doc. no. 7, pp. 6, 10), any of his claims regarding that case are barred under Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). In Heck, the Supreme Court held that when an inmate's allegations rest on the invalidity of his imprisonment, his § 1983 claim does not accrue until that invalidity is proven. 512 U.S. 477, 486-87 (1994); see also Harden v. Pataki, 320 F.3d 1289, 1301 (11th Cir. 2003) (extending Heck to parole revocation challenges); Cobb v. Florida, 293 F. App'x 708, 709 (11th Cir. 2008) (holding district court correctly dismissed §1983 complaint where necessary implication of granting relief would be finding revocation of probation invalid). In Heck, the Supreme Court further explained, if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then that § 1983 claim must be dismissed unless the conviction has already been invalidated. 520 U.S. at 487. In short, a claim for monetary damages that challenges Plaintiff's incarceration is not cognizable under § 1983. Id. at 483.

Here, Plaintiff claims he was arrested on December 22, 2018, met with Defendant Clark a day later, drew his residence, was read his Miranda rights, and soon after "sent to prison" because his parole was revoked. (See doc. no. 7.) Plaintiff alleges a variety of violations regarding the December 22nd arrest, Defendant Clark's interview, the subsequent

7

investigation, and his two March 2019 Richmond County indictments. (Id.) While Plaintiff does not include any detail as to his criminal case concerning the parole revocation, were these claims resolved in Plaintiff's favor, the outcome would inevitably undermine Plaintiff's incarceration to the extent it concerned the revocation, placing the claims "squarely in the purview of Heck." Reilly, 622 F. App'x at 835; see also Vickers v. Donahue, 137 F. App'x 285, 289-90 (11th Cir. 2005) (*per curiam*) (affirming summary judgment in favor of probation officers accused of falsely submitting affidavits for arrest for probation violation where plaintiff had available post-revocation relief and successful § 1983 claim would imply invalidity of revocation order and sentenced imposed). Indeed, Plaintiff has not pointed to a "conviction or sentence reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 487. In sum, Plaintiff's claims are also barred under Heck.

## II.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's amended complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 12th day of February, 2024, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA